## STATE OF CONNECTICUT *v.* IRA TURNER
### (11190)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued December 13, 1993—decision released February 15, 1994

*Andrew S. Liskov,* supervisory assistant public defender, for the appellant (defendant).

*Nancy L. Gillepsie,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John Blawie,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant, Ira Turner, appeals from the judgment of conviction of assault on a victim aged sixty or older in the second degree in violation of General Statutes § 53a-60b.[1] The defendant claims that the

---

[1] General Statutes § 53a-60b (a) provides: "A person is guilty of assault of a victim sixty or older in the second degree when he commits assault in the second degree under section 53a-60 . . . and the victim of such assault or larceny has attained at least sixty years of age . . . ."

trial court improperly charged the jury regarding self-defense.[2] We reverse the judgment of the trial court.

The jury reasonably could have found that the victim, Modesto Vasquez, was sitting in a metal folding chair on the sidewalk in front of his son's house in Bridgeport on May 17, 1991, when the defendant walked toward him. The two men had worked together at a local hospital until nineteen months earlier when the defendant was fired for hitting Vasquez in the back. When the defendant approached, Vasquez folded his chair and swung it at him. The defendant punched Vasquez in the face, knocking him to the ground. The defendant then kicked Vasquez twice, causing serious injuries.

At his trial, the defendant testified that he acted in self-defense. The trial court instructed the jury that the defendant deserved acquittal if he had acted in self-defense. The court further instructed the jury that the justification of self-defense "[d]oes not imply the right of attack in the first instance. Therefore, a person claiming this defense must not intentionally provoke or intentionally bring about—bring the attack upon himself in order to provide an excuse to use force against the other person. Thus, if the defendant by his words, conduct, or demeanor in approaching Mr. Vasquez provoked Mr. Vasquez to offer the first blow . . . then the defendant would not be justified in using force against Mr. Vasquez." The defendant objected to this charge.

After lengthy colloquy, the trial court reinstructed the jury: "[I]f the defendant by his words, conduct, or

---

[2] The defendant also claims on appeal that the trial court improperly (1) admitted uncharged prior misconduct evidence, (2) misled the jury regarding retaliatory force, (3) chose to instruct on self-defense, and (4) unconstitutionally diluted the state's burden of proving its case beyond a reasonable doubt. Because we find that the trial court improperly charged the jury regarding self-defense and remand the case for a new trial, we need not reach the defendant's other claims.

demeanor in approaching Mr. Vasquez provoked Mr. Vasquez to offer the first blow . . . then the defendant would not be justified in using force against Mr. Vasquez even if it were to prevent himself from being hit by the chair, if he had as an intent in the first place to use force upon Mr. Vasquez." The defendant objected to this instruction also. The defendant was convicted on November 26, 1991. This appeal followed.

A criminal defendant's right to due process includes a right to present a defense. *State* v. *Gilchrist,* 24 Conn. App. 624, 632, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991). "This fundamental constitutional right includes proper jury instructions on the elements of self-defense so that the jury may ascertain whether the state has met its burden of proving beyond a reasonable doubt that the assault was not justified. . . ." (Citations omitted; internal quotation marks omitted.) Id., 633. "Where an alleged improper instruction is of constitutional dimension, 'the test is whether it is reasonably possible that the jury was misled.' . . . It is axiomatic that in reviewing a challenged portion of a jury charge, we must consider the charge as a whole and its effect in guiding the jury to a proper verdict. . . . We do not judge a contested individual section of an instruction in artificial isolation from the overall charge." (Citations omitted.) Id., 634.

General Statutes § 53a-19 codifies the common law principle of self-defense. That section justifies a defendant's use of reasonable physical force to defend against perceived use or imminent use of force. The same statute, however, provides that physical force is unjustified where, "with intent to cause physical injury or death to another person, [a person] provokes the use of physical force by such other person . . . ." General Statutes § 53a-19 (c) (1). Thus, this "provocation exception" to the general rule of self-defense requires

proof of dual intent: (1) the intent to cause physical injury or death; and (2) the intent to provoke. *State* v. *Hawkins,* 19 Conn. App. 609, 616, 563 A.2d 745, cert. denied, 212 Conn. 820, 565 A.2d 540 (1989).

In this case, the trial court failed to instruct the jury regarding the first element. The court told the jury that the defendant's use of force would be unjustified if he intentionally provoked Vasquez. That statement satisfied the second element of the provocation exception, intent to provoke. The trial court did not, however, explain that the defendant also had to have intended to cause Vasquez physical injury or death when he provoked Vasquez. Absent an intent to cause Vasquez physical injury or death, the defendant's conduct was not outside the scope of self-defense.

Considering the charge as a whole, we cannot conclude that this instruction guided the jury to a proper verdict. Further, the issue of self-defense was central to the defendant's case. Therefore, we cannot doubt that this instructional impropriety was harmful.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.